U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUL -6 PM 4:14

CLERK
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| KIMBERLY D. CROSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH COUNTRY FEDERAL CREDIT UNION; ROBERT MORGAN, CEO; MELISSA JEWETT | ) ) ) | Case No. 5:21-cv-68 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW SOLL; SOCIAL SECURITY ADMINISTRATION | ) ) | Case No. 5:21-cv-71 |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF BRIGHTON ISLAND POND; JOEL T. COPE; MICHAEL STRAIT; JEFFREY NOYES | ) ) ) | Case No. 5:21-cv-72 |
| | ) | |
| v. | ) | |
| | ) | |
| T.J. DONOVAN | ) | Case No. 5:21-cv-76 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MCKENNA; HUGH O'DONNELL; SEAN BRENNAN; MATTHEW BIRMINGHAM | ) ) ) | Case No. 5:21-cv-77 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY HARE; JEFFREY HARE | ) | Case No. 5:21-cv-78 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HARRINGTON | ) | Case No. 5:21-cv-79 |
| | ) | |
| v. | ) | |
| | ) | |

| | | |
|---|---|---|
| VERMONT LEGAL AIDE; KELLI KAZMARKI; JESSICA RADFORD | ) ) ) | Case No. 5:21-cv-80 |
| v. | ) ) ) | |
| VERMONT STATE POLICE; AMY BOSARE; JASON LATERNEAU | ) ) ) | Case No. 5:21-cv-81 |
| v. | ) ) ) | |
| KATHRYN PIPER; PIPER LAW FIRM | ) ) ) | Case No. 5:21-cv-82 |
| v. | ) ) ) | |
| T.J. DONOVAN; NORTHEAST KINGDOM HUMAN SERVICES MENTAL HEALTH; DEVIL; PHIL SCOTT; VERMONT STATE REPS | ) ) ) ) ) ) | Case No. 5:21-cv-88 |
| v. | ) ) | |
| WINDHAM COUNTY PROBATE COURT; T.J. DONOVAN; RAYMOND MASSUCCO; STEVEN ANKUDA | ) ) ) ) ) | Case No. 5:21-cv-89 |
| v. | ) ) | |
| VERMONT DEPARTMENT OF CHILDREN AND FAMILY SERVICES; COMMISSIONER OF ADULT PROTECTIVES; DEVIL; T.J. DONOVAN; PHIL SCOTT; VERMONT STATE REPS, | ) ) ) ) ) ) ) | Case No. 5:21-cv-90 |
| v. | ) ) | |
| TOWN OF BELLOWS FALLS; SCOTT PICKUP; SINETTE; DAVID BEMIS; RAYMOND MASSUCCO; STEVEN ANKUDA; T.J. DONOVAN; PHIL SCOTT; STATE REPS; BRATTLEBORO VERMONT PROBATE COURT; BRATTLEBORO VERMONT PROBATE COURT JUDGE; BRATTLEBORO VERMONT PROBATE COURT ADMIN, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:21-cv-91 |
| v. | ) ) | |

| | | |
|---|---|---|
| ADAM DIONNE | ) | Case No. 5:21-cv-92 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN J. BICKFORD; DEVIL, | ) | Case No. 5:21-cv-93 |
| | ) | |
| v. | ) | |
| | ) | |
| VERMONT DEPARTMENT OF LABOR; ERIC HARRINGTON; MICHELE BROWN; ROGER V.; T.J. DONOVAN; PHIL SCOTT; BERNIE SANDERS; GAIL IRELAND; PATRICK LEAHY; PETER WELCH; DEVIL; DIRK ANDERSON; STATE REPS; GOVERNMENT OFFICIALS, | ) ) ) ) ) ) ) ) ) | Case No. 5:21-cv-94 |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE; STEVE WRIGHT; AARON WHITCOMB, | ) ) ) | Case No. 5:21-cv-97 |
| Defendants. | ) | |

## ORDER

Kimberly Crosson has filed multiple lawsuits in this court in which she represents herself. In 2021 alone, she filed eighteen cases. In total, she has filed twenty-eight cases since 2019. She frequently contacts the clerk's office by telephone to seek information about her cases and court procedures. The court learned that she has been recording these conversations and posting the recordings to YouTube. Consequently, on June 29, 2021, the court issued an Order to Show Cause requiring Ms. Crosson to appear in person at a hearing on July 6, 2021, to explain her reasons for the publication and particularly to show cause why she should not be limited to contact with the court by mail, email, in-person visits to the court's public counters, or electronic filing. The court warned that if Ms. Crosson "does not appear, the court will enter an order limiting her contact with court personnel." (Doc. 5 at 4.)

Although it is not illegal under federal or Vermont law to record a conversation so long as one participant consents, as a matter of court policy, the court protects its staff from recording and publication of phone calls. Recording telephone conversations with court staff without permission and publishing these conversations on the internet is inappropriate conduct.

Ms. Crosson was invited to explain to the court, in person, why she has been publishing these recordings and to show cause why her contact with the court should not be limited. She did not make use of the opportunity. Accordingly, the court enters this order limiting Ms. Crosson's contact with court personnel to mail, email, and in person or electronic filing. For the reasons set forth, Ms. Crosson is hereby ORDERED to contact court personnel by mail or email and **not** by telephone. She may also come to the court, including the clerk's office, in person.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 6th day of July 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court